**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

CHRISTOPHER ESQUIVEL; CARMEN )          No. 08-CV-02350-PHX-GMS
ESQUIVEL,                         )
                                  )          **ORDER**
            Plaintiffs,           )
                                  )
vs.                               )
                                  )
                                  )
M O R T G A G E   E L E C T R O N I C )
REGISTRATION SYSTEMS, INC., et al.,)
                                  )
            Defendants.           )
                                  )

On December 24, 2008, at 4:11 P.M., Plaintiffs Christopher and Carmen Esquivel
filed a Petition for Temporary Restraining Order ("TRO"), Preliminary and Permanent
Injunction and Order to Show Cause. (Dkt. # 1.)  In their Petition, Plaintiffs request that this
Court temporarily enjoin a trustee's sale of property located at 102 W. Shamrock Street,
Gilbert, Arizona.  That trustee's sale was apparently scheduled for earlier today – 10:00
A.M., December 29, 2008 – prior to the time that Plaintiffs' request was known to this Court.

Federal Rule of Civil Procedure 65 authorizes the Court to issue a preliminary
injunction or TRO upon a proper showing.  The standard for issuing a TRO is the same as
that for issuing a preliminary injunction. *See Brown Jordan Int'l, Inc. v. The Mind's Eye
Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2007).  To prevail on a request for a
preliminary injunction, a plaintiff must show either "(a) probable success on the merits
combined with the possibility of irreparable injury or (b) that [it] has raised serious questions

1   going to the merits, and that the balance of hardships tips sharply in [its] favor." *Bernhardt*

2   *v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003).  The Ninth Circuit has explained

3   that "these two alternatives represent 'extremes of a single continuum,' rather than two

4   separate tests.  Thus, the greater the relative hardship to the moving party, the less probability

5   of success must be shown."  *Immigrant Assistant Project of Los Angeles County Fed'n of*

6   *Labor (AFLCIO) v. INS*, 306 F.3d 842, 873 (9th Cir. 2002) (citation omitted).

7       In addition to the requisite showing, a preliminary injunction may issue "only on

8   notice to the adverse party."  Fed. R. Civ. P. 65(a).  A TRO may be granted without notice

9   to the adverse party:

10              only if (1) it clearly appears from specific facts shown by
               affidavit or by the verified complaint that immediate and
11              irreparable injury, loss, or damage will result to the applicant
               before the adverse party or that party's attorney can be heard in
12              opposition, and (2) the applicant's attorney certifies to the court
               in writing the efforts, if any, which have been made to give the
13              notice and the reasons supporting the claim that notice should
               not be required.
14
    Fed. R. Civ. P. 65(b).
15
        Here, despite claiming to have sent copies of the Petition to Defendants by certified
16
    mail on the 24th of December, Plaintiffs present no evidence suggesting that they have
17
    noticed Defendants of their request for a TRO and preliminary injunction.  Additionally,
18
    Plaintiffs failed to submit a verified complaint, affidavits, or other admissible evidence
19
    supporting any chance of success on the merits or any injury, loss, or damage.  Plaintiffs'
20
    Petition is not filed under oath or penalty of perjury.  The Petition also misstates the name
21
    of the Plaintiff as David Rima and refers to exhibits and a verified complaint that were not
22
    filed with the Court.  Plaintiffs' Counsel has apparently copied this matter from another
23
    pleading filed by a *pro se* plaintiff, *see David Rima v. Mortgage Electronic Registration*
24
    *Systems, Inc.*, CV-08-2285-PHX-FJM (Dkt. # 1), and refiled it as this matter.  Although the
25
    Rima case was purportedly filed *pro se*, it is apparent that the attorney in this matter, Robert
26
    Jung, also provided some representation to Rima in that matter.  It appears that Jung has
27

28

1    merely copied that pleading and refiled it in this matter the last business day prior to the

2    trustee's sale without making the necessary adjustments to the Petition.

3         Because Plaintiffs have failed to demonstrate that injunctive relief  is proper, and

4    because the TRO request is apparently moot:

5         **IT IS ORDERED** that Plaintiffs' Petition for Temporary Restraining Order,

6    Preliminary and Permanent Injunction and Order to Show Cause (Dkt. # 1) is **DENIED**.

7         DATED this 29th day of December, 2008.

8

9    _____

                    G. Murray Snow
10                 United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28